Eugene Balcom
vs. W.C.A.No.573
United Electric Railways Co.

April 15, 1926.

Walsh, J. This is a petition for relief under the Workmen's Compensation Act.

It is admitted that the petitioner, while in the employ of respondent as motorman, in the course of his employment on March 8th, 1924, received the injuries complained of. Compensation at the rate of $14.11 per week has been paid to petitioner from March 8, 1924, to October 30, 1924.

In the accident a large sliver of wood penetrated the hip of the petitioner and extended into the pelvic cavity. The doctors removed this, they believed, and an X-ray examination, taken some time after the accident, showed a good union of a fractured bone and apparently a normal condition of the bodily structure and organs, etc., at this point. An X-ray examination taken in March, 1926, shows some foreign substance, probably a piece of wood, which has now become calcified, adherent to the bone at the seat of fracture. The respondent knew nothing of this condition until the day of this hearing.

The petitioner claims a constant severe pain and burning sensation in the pelvic region and back; that he is totally disabled and unable to do any work whatsoever.

The only disputes between the parties are: (1) whether the disability is total or partial; (2) whether certain claims for medical attendance and nursing, which were never presented to respondent and of which the respondent first learns on the day of hearing, should be allowed.

(1) The doctors on both sides agree that when a foreign substance becomes calcified in a human body, it ought not to cause severe and constant pain unless it impinges on a nerve center or causes pressure on some organ. They also agree that while they are surprised at the presence of this constant and severe pain, they can not deny its existence. It is a purely subjective symptom. The doctors advised this man to try and do some work some five or six months after the injury. He refrained from attempting any work, claiming this severe and constant pain, although he did drive a Ford touring car once or twice a week from Arctic, R. I., to Providence in the summer of 1924. Upon the evidence as a whole, I am obliged to conclude that he has shown total disability to April 12, 1926, but I believe that if his doctor's advice is followed as to his doing light work, he will be able to improve materially. My decision, therefore, is that he is entitled to compensation at the rate of $14.11 per week from March 8, 1924, to April 12, 1926, minus the payments for 33 weeks of said period which he has already received.

(2) This petitioner called to receive his compensation from the respondent every two weeks for seven months or more and at none of these visits did he mention the fact that he was obligated for further medical service and care than that already paid for by respondent. He now for the first time presents a bill for nursing claimed to have been furnished by his sister-in-law and asks us to allow it. No notice of such service and no claim therefor have heretofore been made upon the respondent. We view this claim with considerable suspicion and disallow it.

Dr. Horan's bill for services in X-ray work has been of great assistance to this court in determining this matter and we feel that we should allow his claim for $15. We think that no further compensation should be paid to petitioner until he makes a bona fide attempt to do some work which will enable the doctors to finally determine the extent of his disability. We think that the petitioner during good weather for the next four weeks should report to the respondent and try to operate an electric car or do such other light work as the respondent may provide. At the end of said four weeks' period, the respondent may again petition this court for such further order as the facts may then warrant.

For Petitioner: Fitzgerald & Higgins.

For Respondent: Earl A. Sweeney.